# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

RAUL VALDES ABREU as the Personal Representative of the Estate of CELESTE EIRES DE LOYOLA,

    Plaintiff

-vs-

THOMAS LEE ALLEN, JR., an individual, and R.E. GARRISON TRUCKING, INC.

    Defendants.

Case No.: _____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants, Thomas Lee Allen, Jr. ("Allen"), and R.E. Garrison Trucking, Inc. ("R.E. Garrison") (collectively, "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby give notice of the removal of the action styled *Raul Valdes Abreu, as the Personal Representative of the Estate of Celeste Eires De Loyola v. Thomas Lee Allen, Jr., individually, and R.E. Garrison Trucking, Inc.*; Case Number 2019-021355-CA-01, from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. In support of this Notice of Removal ("Notice"), Defendants state as follows:

### I.    INTRODUCTION

1. Defendants include the Civil Cover Sheet for this case as **Exhibit 1**.

2. On July 18, 2019, Plaintiff, Raul Valdes Abreu as the Personal Representative of the Estate of Celeste Eires De Loyola ("Plaintiff"), filed a Wrongful Death Complaint against

Defendants in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case Number 2019-021355-CA-01 (the "Complaint"). A true and correct copy of the Complaint, docket, and all service documents and pleadings are attached hereto as **Exhibit 2**.[1]

3. The Complaint arises from a motor-vehicle accident on January 16, 2019 in Miami-Dade County, Florida, involving two tractor trailers. One of the trailer tractors was being operated by Defendant Allen in furtherance of the interests of Defendant R.E. Garrison. The other tractor trailer was operated by non-party Enrique Sanchez Valdes. The decedent, Celeste Eires de Loyola (hereafter, the "Decedent"), was a passenger in the tractor trailer operated by Enrique Sanchez Valdes and died as result of the accident.

4. The Complaint specifically alleges that the Decedent sustained traumatic and blunt force injuries and was pronounced dead at the scene of the accident. Complaint ¶12.

5. The Complaint also alleges that Plaintiff as Personal Representative of the Estate of Celeste Eires De Loyola is entitled to recover the following damages:

a) On behalf of the Personal Representative, medical and funeral expenses that have become charges against the estate; and

b) On behalf of the minor survivor of the estate, lost support and services from the date of the decedent's injury to her death, with interest, future loss of support and services from the date of death and reduced to present value, and the loss of parental companionship, instruction and guidance and mental pain and suffering from the date of injury, and all other damages allowed by law. Complaint ¶20.

6. Plaintiff has served a demand on Defendants well in excess of $75,000.00, and significantly beyond the jurisdictional threshold to remove this action to this Court.

---

[1] On July 22, 2019, Defendants each filed a Waiver of Service of Process form, which are set forth in Exhibit 2.

## II.     DIVERSITY JURISDICTION EXISTS IN THIS CASE

7.      This action is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332.  It may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in that there exists complete diversity between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A.     Full Diversity Exists Among the Parties

8.      Under diversity jurisdiction statute, a plaintiff acting as personal representative is deemed to be citizen of state of which the deceased was citizen at time of death.  *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559 (11th Cir. 1994).  Accordingly, for purposes of diversity jurisdiction, the citizenship of the Decedent, Celeste Eires de Loyola, and not the Personal Representative of the Decedent's estate, controls the inquiry.

9.      For individual residents, citizenship is determined by where they are domiciled. *See Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L. Ed. 2d 29 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").

10.     The Complaint alleges that Plaintiff, at all material times, was and is a resident of Miami-Dade, Florida. Upon information and belief, the Decedent was a Cuban National and a lawful permanent resident of the United States, who lived it and was domiciled in Miami, Dade County, Florida.  The Letters of Administration issued in the Probate action related to Decedent (**Exhibit 3**, hereto) indicate that, at the time of her death, the Decedent lived in Miami-Dade County and had obtained a Social Security Number from the United States Government.  For diversity jurisdiction purposes, Plaintiff is considered a citizen of the State of Florida.

11. Defendant Allen is a citizen of the State of Alabama because he is domiciled in, and a resident of, the State of Alabama. Complaint ¶ 3.

12. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

13. Defendant R.E. Garrison is a foreign corporation incorporated in the state of Alabama, with its principal place of business located in Alabama. Complaint ¶ 4. Consequently, R.E. Garrison is not a citizen of Florida for diversity purposes.

14. Accordingly, full diversity of citizenship exists among the parties to this proceeding.

**B.    The Amount in Controversy Exceeds $75,000.00 by a Preponderance of the Evidence**

**Standards for Review**

15. Federal courts in this state and the Eleventh Circuit have held that when a complaint does not claim a specific amount of damages in excess of $75,000, courts may examine "evidence relevant to determine the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1219-20 (11th Cir. 2001). A district court is "not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058 (2010). Because it may be apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional minimum, the Court is permitted to use its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062. In other words, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other

reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Id.*; *see also Hogan v. Mason*, Civil Action No. 2:16-BE-1732-S, 2017 WL 1331052, at *1 (N.D. Ala. April 11, 2017); *Wineberger v. Racetrac Petroleum, Inc.*, 672 F. App'x 914, 917 (11th Cir. 2016); *Koch v. State Farm Mut. Auto. Ins. Co.*, Case No. 8:17-cv-193-T-30AAS, 2017 U.S. Dist. LEXIS 156259, at * 4 (M.D. Fla. Sept. 25, 2017); *Planchart v. Home Depot*, Case No. 8:17-cv-547-T-30MAP, 2017 U.S. Dist. LEXIS 106791, at *2-3 (M.D. Fla. July 11, 2017). "Where the parties and the court know from their exercise of good sense and experience that the claim[s] exceed $75,000[,] [t]here is no point in writing a law review article on the subject." *Cowan v. Genesco, Inc.*, No. 3:14-CV-261-J-34JRK, 2014 WL 3417656, at *3 (M.D. Fla. July 14, 2014) (citations omitted).

16. Further, Plaintiff has served a demand on Defendants well in excess of 75,000.00, and significantly beyond the jurisdictional threshold to remove this action to this Court. "While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994); *Perez-Santos v. Target Corp.*, No. 13-24263-CIV, 2014 WL 11946883, at *1 (S.D. Fla. Jan. 23, 2014) ("Settlement offers or demand letters qualify as relevant papers the court may consider in deciding whether removal is justified") (*relying on Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n.62 (11th Cir. 2007)); *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) ("[P]re-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed.").

17. Finally, "[t]he amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 751 (11th Cir. 2010) (citing *McPhail v.*

5

*Deere & Co.*, 529 F.3d 947, 956 (10th Cir.2008)). In that regard, a removing defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 754. The defendant needs to simply demonstrate that the amount in controversy "more likely than not exceeds the . . . jurisdictional requirements." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). A district court need not "'suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount.'" *Roe,* 613 F.3d at 1061 (11th Cir. 2010) (*quoting Pretka*, 608 F.3d at 770 & 754).

### Analysis of Facts Re: Amount in Controversy

18.     In this case, the Complaint alleges the Decedent suffered traumatic and blunt force injuries and was pronounced dead at the scene of the accident. Complaint ¶ 12. Decedent is survived by an 8 year-old son who is the sole heir at law. (Probate files, Exhibit 3, hereto). Thus, Plaintiff in this Wrongful Death action seeks on the son's behalf lost support and services from the date of the Decedent's injury to her death, with interest, future loss of support and services from the date of death and reduced to present value, and the loss of parental companionship, instruction and guidance and mental pain and suffering from the date of injury, and all other damages allowed by law.

19.     Further, Plaintiff's counsel has served a demand on Defendants well in excess of $75,000, and significantly beyond the jurisdictional threshold to remove this action to this Court.

20.     Finally, Courts in the Eleventh Circuit recognize that Wrongful Death actions typically satisfy the jurisdictional threshold. *Angrignon v. KLI, Inc*., No. 08–81218–CIV, 2009 WL 506954, at *3 (S.D.Fla. Feb.27, 2009) ("[C]omplaints in wrongful death actions are more probative than those involving severe injuries in evaluating the amount in controversy. In a case

involving injury a court will be forced to speculate regarding the duration, extent or severity of the harms alleged when a defendant removes on the basis of nothing more than the complaint."); *Carney v. Haddock*, No. 15-10187-CIV-GOODMAN, 2016 WL 2869785, at *4 (S.D. Fla. May 16, 2016) ("…even without the list of specifically requested damages for the wrongful death action under Florida's Wrongful Death Act and without a general estimate from Plaintiff's counsel, it is clear from the other portions of the complaint that the claims meet the $75,000 jurisdictional amount. Using common sense, one could reasonably deduce that a wrongful death action, alleging that the decedent drowned while scuba diving because of Defendant's actions, would request more than $75,000 in damages.").

21. The foregoing facts establish the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs.

### III. TIMING OF REMOVAL

22. In accordance with 28 U.S.C. § 1446(b), Defendants' Notice of Removal is being filed within 30 days after the receipt by a Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. In this case, Defendants waived service on July 22, 2019. *See* n. 1; *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-57, 119 S. Ct. 1322, 1328-30 (1999) (30-day removal period begins to run when defendant is served formally).

### IV. ADDITIONAL PROCEDURAL REQUIREMENTS

23. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

24. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings, and orders" from the Circuit Court, including a docket from the proceeding, are attached hereto as part of Exhibit 1.

25. The United States District Court for the Southern District of Florida is the federal court with the same venue as where this action was pending in Circuit Court. Pursuant to Local Rule 7.2, Defendants advise the Court there are no pending motions at the time of this removal.

26. Contemporaneously with the filing of this Notice, Defendants will give notice to and file a copy of same with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida through a notice of filing.

27. This Notice will be served upon Plaintiff in connection with its filing. Nothing in this Notice shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter.

WHEREFORE, Defendants, Thomas Lee Allen, Jr., and R.E. Garrison Trucking, Inc., hereby give notice that the matter styled *Raul Valdes Abreu, as the Personal Representative of the Estate of Celeste Eires De Loyola v. Thomas Lee Allen, Jr., individually, and R.E. Garrison Trucking, Inc.*; Case Number 2019-021355-CA-01 is properly removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division.

Respectfully submitted this 22nd day of July, 2019.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
100 S.E. Third Avenue, Suite 1620
Fort Lauderdale, Florida 33394
Tel: (954) 768-1600
Fax: (954) 333-3930
*Counsel for Defendant*

By: /s/ *Samuel L. Felker*
SAMUEL L. FELKER, ESQ.
Florida Bar No.: 123800
*samfelker@bakerdonelson.com*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
SunTrust Center
200 South Orange Avenue
Post Office Box 1549
Orlando, FL 32802-1549
Tel: (407) 422-6600
Fax: (407) 841-0325
*Counsel for Defendants*

By: */s/ Kyle A. Diamantas*
KYLE A. DIAMANTAS, ESQ.
Florida Bar No.: 106916
*kdiamantas@bakerdonelson.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing document by email on this 22nd day of July, 2019 to:

Edersy Suarez, Esq.
The Law Office of Edersy Suarez, PA
13903 NW 67 Ave., Suite 330
Miami Lakes, FL 33014
786-420-2893
305-503-9271 (fax)
esuarez.law@gmail.com
esuarezpleadings@gmail.com

By: /s/ *Kyle A. Diamantas*
KYLE DIAMANTAS, ESQ.

9